NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, a Pennsylvania corporation, | No. 23-15352 |
| | D.C. No. 3:21-cv-05339-WHO |
| Plaintiff-Appellee, | |
| v. | MEMORANDUM* |
| GLORIA YEE, as trustee of THE MOON PARK YEE RESIDUAL TRUST B-2, | |
| Defendant-Appellant, | |
| and | |
| FAT NOODLE 2ND SF, LLC; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted May 8, 2024**
Pasadena, California

Before: TALLMAN, FORREST, and BUMATAY, Circuit Judges.

---

&ast;    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Gloria Yee appeals from the district court's grant of summary judgment in favor of U.S. Liability Insurance Company in this declaratory-judgment action. We review the district court's grant of summary judgment de novo. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). Exclusion of evidence is reviewed for an abuse of discretion. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). We affirm in part, vacate in part, and remand.[1]

1. The district court properly concluded that the damages for unpaid rent, late fees, and government fines[2] are not covered under U.S. Liability Insurance's policy. Interpretation of an insurance policy is a question of law, with coverage interpreted broadly and exclusions narrowly—the insured has the burden to show the underlying liability is covered, and the insurer must show the applicability of an exclusion. *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 647–48 (2003), *as modified on denial of reh'g* (Sept. 17, 2003). "The duty to indemnify on a particular claim is determined by the actual basis of liability imposed on the insured." *Armstrong World Indus. v. Aetna Cas. & Sur. Co.*, 45 Cal. App. 4th 1, 108 (1996). An insurer need not indemnify when "the actual judgment was for damages not covered."

---

[1] We grant Yee's motion to correct the record, Dkt. 23. We grant her motion for judicial notice, Dkt. 19, except as to Exhibit C, which is denied as moot. We also grant U.S. Liability Insurance's motion for judicial notice, Dkt. 45.

[2] Yee does not challenge the district court's conclusion that the government fines fall outside the coverage for property damage, and thus this issue is not before us. *See In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 782 n.9 (9th Cir. 2022).

*Montrose Chem. v. Admiral Ins.*, 10 Cal. 4th 645, 659 n.9 (1995), *as modified on denial of reh'g* (Aug. 31, 1995).

Under the policy, damages are covered if they result from "[p]hysical injury to tangible property, including all resulting loss of use of that property" or (2) "[l]oss of use of tangible property that is not physically injured." Damages that may be covered include "a diminution in value of property as a measure of the plaintiffs' claimed physical injury to tangible property," *Golden Eagle Ins. v. Cen-Fed, Ltd.*, 148 Cal. App. 4th 976, 988 (2007) (emphasis removed), or "loss of use of the land," *Hendrickson v. Zurich Am. Ins. of Ill.*, 72 Cal. App. 4th 1084, 1091 (1999). But because "[t]he focus of coverage for property damage is [] the property itself, [it] does not include intangible economic losses, . . . or nonperformance of contractual obligations." *Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1, 17 (1995), *as modified on denial of reh'g* (Oct. 26, 1995).

Looking first to the over $1 million in "unpaid rent" and "late charges" awarded by the California trial court under a breach of contract theory, these damages did not result from property damage. Instead, both arise from the insured's breach of contract to pay rent, which is an "economic loss in failing to receive the benefit of [the] lease, a nontangible property right." *See Golden Eagle*, 148 Cal. App. 4th at 986–88 (emphasis removed).

Yee opposes this conclusion on several grounds. First, she argues the

3

California trial court also assessed the rent-related damages under a negligence-in-demolition theory. But she misreads the trial court decision, which rejected her contention. She also argues these damages represent loss of use. However, the California trial court rejected all of Yee's loss-of-use arguments, and the appellate court affirmed that rejection. *Yee v. Weinberg*, No. A163850, 2024 WL 935337, at *5–6 (Cal. Ct. App. 2024). Because we look only to the "actual basis of liability imposed on the insured," we cannot accept Yee's reframing of the judgment. *Armstrong World Indus.*, 45 Cal. App. 4th at 108. Finally, she notes that the insurance policy may cover both contract and negligence damages, citing *Vandenberg v. Superior Ct.*, 21 Cal. 4th 815 (1999). While true, that is ultimately beside the point. An insurance policy may cover both kinds of damages, but under the policy at issue coverage is still limited to damages that are the result of "property damage as defined." *Id.* at 841 (simplified). Here, the definition renders unpaid rent and late fees uncovered.

2. The district court erred by refusing to consider Yee's new evidence to determine whether the damages awarded fall within the exclusion for "'[p]roperty damage' to . . . [p]roperty [the insured] own[s], rent[s], or occup[ies]."

"Generally, the issues litigated in the underlying litigation are the defendant insured's liability and the amount of damages suffered by the injured party, not coverage issues." *Howard v. Am. Nat'l Fire Ins.*, 187 Cal. App. 4th 498, 514 (2010)

4

(simplified). Issues that matter for coverage may not matter for liability, and so coverage issues may go undeveloped in the underlying liability action. *See Schaefer/Karpf Prods. v. CNA Ins.*, 64 Cal. App. 4th 1306, 1313 (1998). Thus, "it has been held that a . . . finding that the injured party suffered property damage for purposes of establishing liability and assessing damages was not conclusive against the insurer on the distinct issue of whether the damages suffered were covered by insurance as property damage under policy terms." *Howard,* 187 Cal. App. 4th at 514. Accordingly, California courts permit the taking of evidence in coverage actions to determine whether the liability judgment falls within coverage terms— like whether the wrongful actions supporting a liability judgment were undertaken during the policy period. *See id.* at 515.

The district court refused to consider Yee's evidence that was not admitted in the underlying liability action. This refusal was error where the evidence Yee presented does not seek to rewrite "the actual basis of liability imposed" but instead to clarify the applicability of coverage terms to the damages in the liability judgment. *Armstrong World Indus.*, 45 Cal. App. 4th at 108. And Yee's evidence may be sufficient to generate a genuine dispute of material fact as to whether some damages awarded in the liability action were for damage to non-leased property, which would fall outside the policy exclusion for leased property. On remand, the district court should resolve the exclusion issue by considering the competent evidence whether

5

it was admitted in the underlying California trial court proceedings or not.

\* \* \*

We affirm that the unpaid rent, late fees, and government fines are not covered as "property damage" under the policy.  We vacate the district court's application of the leased-property exclusion and remand for consideration of Yee's new evidence.  We decline to reach whether other exclusions apply and whether attorneys' fees are covered.  *See Stout v. FreeScore, LLC*, 743 F.3d 680, 688 (9th Cir. 2014).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**